UNITED STATES of America, Plaintiff-Appellee,

v.

Jose Luis HERNANDEZ–LOPEZ, Defendant-Appellant.

No. 75–3462.

United States Court of Appeals, Ninth Circuit.

July 6, 1976.

Michael J. McCabe, Federal Public Defender (argued), San Diego, Cal., for defendant-appellant.

Stephen V. Petix, Asst. U. S. Atty. (argued), Terry J. Knoepp, U. S. Atty., Stephen V. Petix, Asst. U. S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

## OPINION

Before SMITH,* and GOODWIN, Circuit Judges, and WILLIAMS,** District Judge.

SPENCER WILLIAMS, District Judge:

This is an appeal by Jose Luis Hernandez-Lopez of a criminal conviction for the transportation of an illegal alien into the United States. On September 12, 1975, appellant's car, which he was driving, was stopped by a California Highway Patrol Officer because the car did not have a valid 1975 registration sticker. The car came to a stop directly in front of the San Clemente Border Patrol office on Interstate Highway 5, and appellant got out to talk with the Highway Patrol Officer.

While the Officer was writing a citation for the sticker violation, Border Patrol Agent James LeMon came out of his office "possibly to assist by translating for the Highway Patrol officer, since the driver appeared to be of Latin descent." As Agent LeMon approached the car, he observed a passenger in the front seat. At trial, LeMon testified that the passenger was "sitting very rigidly in his seat, steadfastly staring straight ahead" and that in his dress and appearance he "looked like a Mexican cowboy." On the basis of the appearance of the passenger and the additional observation that the driver was having some difficulty conversing with the Highway Patrol Officer in English, Agent LeMon questioned both the driver and the passenger about their citizenship.

Appellant produced a valid resident alien identification card, but the passenger, appellant's uncle by marriage, freely admitted he was a citizen of Mexico and present in the United States without proper legal authority. Appellant was arrested and convicted for transporting an illegal alien as a result of the information obtained by the agent's questioning of the uncle.

■■■ This case raises a question left unanswered by the United States Supreme Court's decision in *United States v. Brignoni-Ponce*, 422 U.S. 873, 884, 95 S.Ct. 2574, 2582, 45 L.Ed.2d 607 (1975), where the Court held that "officers on roving patrol may stop vehicles only if they are aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicles contain aliens who may be illegally in the country." Unlike *Brignoni-Ponce*, the present case does not involve the degree of personal inconvenience or restraint involved in stopping a moving vehicle on the highway only for citizenship questioning and it may be that as high a degree of suspicion need not exist to permit the questioning of the occupants of a vehicle that has been stopped for some other legitimate purpose. The extent or description of such lesser degree, if any, need not be addressed here, however, since it is the opinion of this Court that the standards of *Brignoni-Ponce* have been met. Agent LeMon was aware of sufficient articulable facts, which together with rational inferences that could be drawn from those facts, would reasonably warrant suspicion by an experienced Border Patrol agent that appellant's passenger was an illegal alien. His testimony indicated that he noticed the passenger's demeanor, general appearance and clothing and that these observations raised his suspicion. As he approached the car the first time and as he walked around it after questioning appellant, he noticed that the passenger appeared nervous and seemed to be trying to avoid looking at the officers. As for his dress and appearance, he did not look like

---

* The Honorable J. Joseph Smith, Senior United States Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

** The Honorable Spencer Williams, United States District Judge for the Northern District of California, sitting by designation.

he had lived in the United States, but rather looked like a "Mexican cowboy."[1] The Supreme Court, in *Brignoni-Ponce*, specifically held that "the characteristic appearance of persons who live in Mexico" including "such factors as the mode of dress and haircut" may justify suspicion by trained Border Patrol agents that a person is an illegal entrant. 422 U.S. 873, 885, 95 S.Ct. 2574, 2582, 45 L.Ed.2d 607. Under this test, Agent LeMon was justified in questioning appellant's passenger about his citizenship. The decision of the District Court is affirmed.

1. The Government has also raised the question whether appellant has standing to assert a challenge to the admission of his passenger's statements to the Border Patrol. To the extent the questioning may have violated the uncle's rights, appellant cannot assert a challenge. However, the uncle was a passenger in appellant's car and was within "plain view" of the Border Patrol Officer. If the questioning of the uncle constitutes a search of an item within the appellant's car, he has standing to assert a challenge to that search. That challenge, however, will fail for the reason that the uncle, whose appearance warranted the suspicion that he was an illegal alien, was within plain view in the vehicle.